### Case No. 3,806.
#### DENNY v. HENDERSON.
[2 Cranch, C. C. 121.] [1]

Circuit Court, District of Columbia. Nov. Term, 1816.

LIMITATIONS—DISCHARGED INSOLVENT.

The act of limitations runs in favor of an insolvent debtor, notwithstanding his discharge under the insolvent act.

[1] [Reported by Hon. William Cranch, Chief Judge.]

This was a chancery attachment against the effects of Henderson, in the hands of Mills and others. Henderson appeared and pleaded the statute of limitations. This suit was brought in 1812. The plaintiff replied, that Henderson, in 1806, took the benefit of the insolvent act, and returned this as a debt; and that in 1812 he acquired property enough to satisfy this debt. To this replication there was a general demurrer and rejoinder.

Mr. Swann, for plaintiff, contended that the insolvent act gives a new right of action upon the defendant's acquiring property, notwithstanding the act of limitations; that is, that after the discharge under the insolvent act, the statute of limitations does not run.

Mr. Taylor, for defendant.

THE COURT sustained the demurrer to the replication, and rendered judgment for the defendant on the plea of limitations.

At April term, 1819, two other cases were decided in the same way, viz.: Beverly v. Henderson [Case No. 1,378], and Bowie v. Henderson [Id. 1,730].

### Case No. 3,807.
#### DENNY v. QUEEN.
[3 Cranch, C. C. 217.] [1]

Circuit Court, District of Columbia. Dec. Term, 1827.

REVIEW OF JUSTICE'S DECISIONS.

In a jury trial before a justice of the peace, there is no mode in which the law of the case can be brought before this court, separated from the question of fact.

Appeal from the judgment of a justice of the peace, upon a verdict found before him. A paper was sent up, purporting to be a prayer to instruct the jury as to the law arising upon certain facts therein stated. It was not certified as a bill of exceptions.

THE COURT (nem. con.) said that as the court had heretofore decided, that when a cause had been tried by a jury before a justice of the peace, we could not constitutionally try the cause again by a jury in this court, and the court could not try it without a jury, there was not left for this court, upon the appeal, any thing but the law of the case, as it appeared before the justice; but the act has not prescribed the mode by which the question of law should be made to appear to this court. It certainly was not now regularly before the court.

THE COURT (nem. con.) ordered the appeal to be dismissed.